OPINION AND ORDER

FACTUAL AND PROCEDURAL BACKGROUND

On September 29, 1999 appellant Timothy Nez was pulled over on State Route 264 Milepost 330 which is located near the Moencopi area, but within the exterior boundaries of the Hopi Indian Reservation. The arresting Hopi Tribal police officer Anthony S. Tewawina cited Timothy under five Ordinance 21, Title 3, provisions: Sections 3.3.75 A.R.S. (28-1381.A.1) “Driving Under the Influence of Intoxicating Liquors”; 3.3.75 (A.R.S.28-2531B1) “Knowingly Displaying Fictitious License Plates”; 3.3.75 (A.R.S.28-693A) “Reckless Driving”; 3.3.75 (A.R.S.28-1595A) “Failure to Stop on Peace Officer Command”; and 3.3.75 (A.R.S.28-3473.A) “Driving With License Suspended.”
When Timothy Nez was arrested he falsely identified himself as Emerson Nez, his brother’s name. On November 3, 1999 Timothy Nez’s counsel, Hopi Public Defender, Yvonne Namoki filed a memorandum with the court stating that she received a phone call from Emerson Nez explaining that his brother Timothy Nez *441 was using his identity. On November 10, 1999 Yvonne Namoki made an oral motion to withdraw as legal counsel for Timothy Nez and the court granted it. On November 24, 1999 Richard George filed a motion to enter as legal counsel for Timothy Nez and the Hopi Tribal court granted the entry on December 1,1999.
Timothy Nez’s arraignment was held on December 9, 1999 in the Moencopi court. Timothy Nez was not present for the arraignment hearing, but the court allowed Timothy Nez’s counsel to plead not guilty on his behalf.
Trial occurred on February 10, 2000. During trial the defendant argued that there was no criminal complaint filed against Timothy Nez and the arrest did not occur within the exterior boundaries of the Hopi Indian Reservation. The trial court ruled that there was a complaint filed against Timothy Nez and the criminal offense did occur within the exterior boundaries of the Hopi Indian Reservation. The judge found defendant guilty and sentenced him to one hundred and sixty-five days in jail and five hundred fifty dollars in fines. Defendant appeals from the sentencing order dating April 26, 2000.

ISSUES PRESENTED ON APPEAL

The defendant appellant argues three issues on appeal. First, did the Hopi prosecutor fail to file a criminal complaint against Timothy Nez. Second, did the Hopi prosecutor fail to establish the identity of Timothy Nez as Indian. Third, did the arrest of Timothy Nez occur within the exterior boundaries of the Hopi Indian Reservation.

DISCUSSION

I. The Court Finds The Complaint Was Properly Filed.

1. Section 2.2.2 CONTENTS OF COMPLAINT

Under Section 2.2.2[1], there must be a written charge by a person and that written charge must be presented to a Hopi Judge.
On the February 10, 2000 trial, Timothy Nez’s counsel made a pre-trial motion to dismiss the ease because the criminal complaint was made against “Emerson Nez,” not Timothy Nez. The motion to dismiss was' denied because the trial judge found that the criminal complaint had been properly amended. On September 22, 1999 a written charge was filed against Emerson Nez. The complaint was filled out and signed by Hopi Tribal police officer Anthony S. Tewawina. This complaint was filed with the court and presented to a Hopi Tribal judge during the arraignment hearing held on December 9, 1999 in the Moen-copi court. That complaint wras later amended by hand by crossing out the name of “Emerson Nez” and replaced in hand writing with Timothy Nez.
We are now effectively asked to review whether the denial of this motion wras in error. It was not. Even though we find that the original complaint was improperly amended, the central question is whether or not Timothy Nez has been prejudiced by the error or omission. Under the Fed *442 eral Rules of Criminal Procedure “an error in or omission of a statutory citation is not a basis for dismissal of an indictment or information or for reversal of a conviction if the defendant is not prejudiced by the error or omission.” Fed.R.Crim. P.7(c)(3).
This court finds that there was a complaint filed against Timothy Nez, therefore, the argument made by the counsel of Timothy Nez is without merit.
II. The Court Will Not Entertain The Issue Of Indianesa.
Appellant in his brief states that the trial court erred in finding that the prosecution established absent proof of defendant’s identity as Indian, We do not address this matter here because appellant does not expand upon this statement with any legal arguments or factual support.
III. The Criminal Offense Did Occur Within The Exterior Boundaries of the Hopi Indian Reservation.
In the Hopi trial court order issued on February 14, 2000 the trial court judge found that the “the court having considered the argument and response finds that the offenses occurred within the exterior boundaries of the Hopi Indian Reservation.” We review trial court findings of fact for clear error. HIRCCP Rule 37(h); Coin v. Mowa (CIV-006-95/AP-005-95). To address this issue there are two question that must be asked: (A) is the factual finding made by the trial court judge a clear error and (B) if there was a clear error was the error harmless. (HIRCCP) Rule 37(h).[2]
The record contains testimony supporting the judge’s factual finding. The trial court did not err. During the February 10, 2000 trial court a Hopi Tribal Ranger testified that based on his five years of experience as a Hopi Ranger that Milepost 330 is located within the jurisdictional boundaries of the Hopi Indian Reservation. This court will not review the trial court’s factual findings absent clear error.
This court finds that the trial court did not err in finding the defendant guilty and sentencing Mm to fine and jail time by judgement order dated April 26, 2000.

. Section 2.2.2. CONTENTS OF COMPLAINT.
a. The name of the jurisdiction where it is filed and the name of the person issuing the Complaint.
b. The names of the parties, if the defendants be known, and if not then such names as may be given them by the Complaint.
c.A statement signed by the complainant of the acts constituting the offense, in ordinary and concise language, and the time and place of the commission of the offense, as near as may be ascertained.

. HIRCCP Rule 36(h) Subpoenas. The presiding judge ol the appellate court shall when hearing a case, have authority by subpoena to compel a witness to attend and testify or compel the production of documents where such is deemed necessary to the rendition of the court's opinion. There shall not, however, be a new trial in the appellate court, and except in cases where the findings of fact of the trial court are clearly erroneous, there will be no review of the factual findings of the trial court.